### STROBRIDGE *v.* LINDSAY, STERRITT & Co.

*(Circuit Court, W. D. Pennsylvania. March 28, 1881.)*

**1. INFRINGEMENT—DIVISION OF DEVICE.**

A patent cannot be defeated by dividing a patented device into two parts, which, when combined, produce the same result in substantially the same way.

*Wheeler* v. *Clipper Mower & Reaper Co.* 6 Fish. 2.

**2. SAME—RE-ISSUE No. 7,583.**

Re-issue No. 7,583, for an improvement in coffee-mills, *held*, infringed.

*Strobridge* v. *Lindsay, Sterritt & Co.* 2 FED. REP. 692.—[ED.

In Equity. *Sur* rule for an attachment against defendants for contempt.

*Takewell & Kerr,* for rule.

*B. F. Thurston* and *Geo. H. Christy,* for defendants.

ACHESON, D. J. In this case, the court, upon final hearing, held that the coffee-mill complained of, manufactured by Landers, Frary & Clark, and sold by the defendants, infringed the first claim of the plaintiff's re-issued patent, viz.: "A coffee or similar mill, having a detachable hopper and grinding-shell formed in a single piece and suspended within the

box by the upper part of the hopper, or a flange thereon, substantially as and for the purpose specified."* Accordingly, on May 31, 1880, a writ of injunction was issued against the defendants and duly served upon them. The case is now before the court on a rule granted upon the defendants to show cause why an attachment should not issue against them for violating the injunction. From the affidavits now submitted it appears that after the opinion of the court was filed the defendants returned to Landers, Frary & Clark all the coffee-mills they had on hand, of the pattern complained of, and afterwards received in exchange from the manufacturers other coffee-mills, constructed like the exhibit now produced, and designated the "Lloyd coffee-mill." These latter mills the defendants have sold and are now selling.

The plaintiff complains that these mills embody his invention equally with those formerly sold by the defendants. This is denied by the defendants, who allege that the "Lloyd coffee-mill" differs essentially from those mills in that it does not have a detachable hopper and grinding-shell formed in a single piece, but, on the contrary, that the hopper and grinding-shell thereof are separate constructions. It is certainly true that in the "Lloyd coffee-mill" the hopper and grinding-shell are cast separately, but they are mechanically attached together before they are suspended within the box. This union is thus effected: The hopper is provided with two wire pins cast in it, one on each side of the lower opening, and the lower end of the hopper has an annular shoulder around it, against which the grinding-shell is placed. The grinding-shell has a lug on each side, corresponding in location with the pins of the hopper, with holes for their reception. The hopper and grinding-shell are securely and firmly united by inserting the annular flange of the latter into the lower end of the hopper, and the pins of the hopper into the holes in the lugs of the grinding-shell, and then bending the pins sidewise.

Why, since the injunction was granted, have Landers,

*See 2 FED. REP. 692.

Frary & Clark made the above-described change in their coffee-mills? It cannot be shown, and, indeed, it is not pretended, that the change is an improvement to the mill, or that thereby the cost of manufacture is lessened, or any other advantage is gained or useful purpose subserved. Manifestly the sole object is to produce a mill of which it can be affirmed that the hopper and grinding-shell are not cast integral, or formed in a single piece literally. But "the letter killeth;" and if the justice of the case is not to be sacrificed, regard must be had to the spirit rather than the phraseology of Strobridge's first claim. Truly the plaintiff's success was a barren victory, if by such an alteration as the one here adopted the injunction of this court can be evaded. But the expedient must fail of its purpose. The change is but colorable. Although cast in two pieces, yet when put together *for use* the hopper and grinding-shell are substantially and for all practicable purposes "formed in a single piece."

If authority is needed for the proposition that a patent cannot be defeated by dividing the patented device into two parts, which, when combined, produce the same result in substantially the same way, it will be found in *Wheeler* v. *Clipper Mower & Reaper Co.* 6 Fisher, 2.

The affidavits on the part of the defendants, filed in answer to this rule, so often refer to the "French mill," that I have again given it the best and most careful examination and study of which I am capable. The result is that I am not only confirmed in the opinion that that mill did not anticipate Strobridge's invention, but I am satisfied that it is not the prototype of the "Lloyd coffee-mill."

The following clear and, I think, exact statement in respect to the "French mill" occurs in the affidavit of Mr. Reese, the plaintiff's expert witness. He says: "In the 'French mill' the grinding-shell is not united or fastened in any way to the hopper; but, on the contrary, it is a loose and detached piece, which is held in its place and relation to the hopper by a metallic strap or step, bent to the shape of, and extending across and below, the said shell, and fastened

to the bottom of the hopper at the sides of the grinding-shell by wood screws. In the sides of the loose grinding-shell are grooves or scores, and the step passing through these grooves keeps the shell from turning with the grinding-nut. The step is provided with a central hole or socket, in which the lower end of the grinding-shaft is placed. The grinding-shaft is supported by the cover above, and supports the grinding-shell, and hence the purpose of the step is not to support it, but to take the circular and lateral thrust or strain off the grinding-shell."

There exists, then, in the French mill a combination of three distinct and indispensable pieces, viz., the hopper, the grinding-shell, and the metallic strap or step. The latter is an essential element of the combination. Remove it and there remain a suspended hopper and grinding-shell, but the mill is inoperative. Now, Strobridge dispensed with the metallic strap or step, and for the first time in the history of the art produced an operative coffee-mill having a detachable hopper and grinding-shell formed in a single piece, and suspended within the box by the upper part of the hopper, or a flange thereon.

In my judgment the Lloyd coffee-mill infringes the first claim of the plaintiff's patent equally with the mill previously manufactured by Landers, Frary & Clark, and sold by the defendants.

I am, however, satisfied from the affidavits of the defendants that hitherto they have acted in good faith to the court, and are not in wilful contempt. Therefore, the present rule for an attachment will not be enforced. The rule is discharged for the reason just assigned, but it is ordered that the defendants pay the costs of the rule and proceedings thereon.